**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Case No. 10-cr-256-14, 16 (RCL)** |
| | : | |
| **MOISES HUMBERTO RIVERA-LUNA,** | : | |
| **and TOKIRO RODAS-RAMIREZ,** | : | |
| | : | |
| **Defendants.** | : | |

**CONSENT MOTION FOR PROTECTIVE ORDER AUTHORIZING AND LIMITING**
**DISCLOSURE OF JENCKS RELATED MATERIAL**

The United States of America, by its undersigned attorney, the United States Attorney for

the District of Columbia and pursuant to Fed. Crim. R. P. 16(d), hereby files this motion for

protective order to authorize and limit the disclosure of documents provided to the defendants

under 18 U.S.C. Section 3500. Specifically, the Government asks that counsel for the defendants

and their staff and investigators be precluded from providing copies of such documents to the

defendants themselves. The proposed order also provides for the early disclosure of Jencks

material so that counsel may prepare for the trial scheduled for December 1, 2025. The grounds

for this motion are set forth below, and counsel for the defendants consent to the relief requested

in this motion.[1]

I.    **FACTUAL BACKGROUND**

As the Court knows, the defendants are charged with RICO conspiracy and related counts

for their actions as members of MS-13. The evidence at the 2013 trial demonstrated that the gang

ruthlessly attacks cooperating witnesses. *See* Doc. 437 (Memorandum Op.) at 9-14 (summarizing

---

[1] The Court entered a similar Order at the conclusion of the first trial. *See* Doc. 493 (Protective Order). Prior to that trial, because of the voluminous discovery, the Honorable Rosemary Collyer had entered an Order allowing for the early disclosure of Jencks and Giglio material (Doc. 305).

evidence of gang's rules, structure, and methods). In particular, the evidence at the 2013 trial showed that defendant Noe Machado Erazo and others indicated that the gang killed the brother of a cooperating witness. The gang also threatened to kill the witness's mother and kidnapped his sister. *Id.* at 16. Accordingly, dissemination of discovery material in this case presents a very real danger to witnesses.

Moreover, while the Government has provided discovery pursuant to Rule 16 to the defendants, there are several grand jury transcripts, plea proffers, and related material that we have not yet produced. To comply with its *Brady* obligations and to allow defense counsel to timely prepare for trial, the Government seeks permission to provide these materials to defense counsel with an appropriate protective order.

## II.     ARGUMENT

Under Rule 16, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The courts often grant protective orders similar to that requested in this motion to protect cooperating witnesses and their families. *See, e.g., United States v. Palmer*, 2011 WL 672412 (S.D.N.Y.); *see also United States v. Barbeito*, 2009 WL 3645063 (S.D.W. Va.).

In this case, while the defendants know who the cooperating witnesses were at the 2013 trial, there is a continuing need to prevent material identifying the witnesses from being passed from inmate to inmate or from one of the defendants to MS-13 members in the United States, El Salvador, or elsewhere. *Barbeito*, 2009 WL 3645063 at *1. Indeed, as noted above, the evidence at the 2013 trial demonstrated that one of the gang's rules is to kill cooperating witnesses as highlighted by the testimony relating to the attacks on one witness's family. Finally, while several cooperating witnesses testified at the 2013 trial, the Government chose not to call other witnesses

who cooperated with the investigation.  The Government provided Jencks and Giglio material as well as reports relating to those witnesses under a protective order.  *See* Doc. 305 (March 13, 2013 Order).  The witnesses who did not testify would also be at risk if their identities and cooperation were made clear to the defendants and other MS-13 members.

Moreover, the defendants will not be prejudiced by a limited protective order.  The defendants are not proficient in English so the Jencks related material (witness statements, grand jury testimony, reports of investigation summarizing witness interviews, etc.) is of limited use to the defendants without the assistance of their attorneys or a translator.  The defendants can still review the materials with their counsel, but they simply would not be allowed to keep copies of the material themselves.  *See Palmer*, 2011 WL 67412 at *1 (defendant still had meaningful access to documents when he was allowed to review them in presence of defense counsel).  Accordingly, an Order preventing the defendants from receiving copies of the Jencks and Giglio related material is an appropriate security measure and will not hinder the defendants' rights.

WHEREFORE, for the foregoing reasons, the Government requests that the Court grant this motion.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: /s/ NIHAR MOHANTY
    NIHAR MOHANTY
    Assistant United States Attorney
    D.C. Bar No. 436-686
    601 D Street, N.W., Fifth Floor
    Washington, D.C.  20530
    (202) 252-7700
    Nihar.Mohanty@usdoj.gov

DAVID L. JAFFE
Chief, Violent Crime and Racketeering
Section


s/ *Lakeita F. Rox-Lov*e
LAKEITA F. ROX-LOVE
Trial Attorney
MS Bar No. 103871
1301 New York Avenue NW
Washington, D.C.  20530
(202) 307-3345
Lakeita.Rox-Love@usdoj.gov