**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 10-CR-256** |
| **v.** | : | |
| | : | |
| **MOISES HUMBERTO RIVERA-LUNA and TOKIRO RODAS-RAMIREZ** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE CROSS-EXAMINING OR PRESENTING EVIDENCE ABOUT ABSENT NOTES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia (the "Government"), respectfully submits this reply in support of its motion *in limine* to preclude Defendants Moises Humberto Rivera-Luna and Tokiro Rodas-Ramirez from cross-examining or presenting evidence about Juan Diaz's absent notes (Gov't Mot., ECF No. 851), which Defendant Rivera-Luna opposes (Def.'s Opp'n, ECF No. 856).

**ARGUMENT**

The Government's request is simple and narrow: Defendants should be precluded from cross-examining or presenting evidence about Juan Diaz's absent notes or, in the alternative, the Government should be permitted to elicit from Mr. Diaz (on redirect) that he felt compelled to flee the country in a hurry due to safety concerns stemming from his assistance with the FBI. Gov't Mot. at 4. Despite its length, Defendant Rivera-Luna's opposition brief offers nothing more than detours from this narrow issue by failing to directly address it and failing to provide authority for opposing this request.[1]

[1] For example, it is of no moment whether the Government or Defendant Rivera-Luna opened the door to such prejudicial testimony during the last trial in this case (*see* Def.'s Opp'n at 9–10), as the Government is moving *in limine* to preclude Defendants from revisiting this topic during the next trial.

First, Defendant Rivera-Luna contends that he is entitled to "argue from the evidence that the government has not produced the reports that supposedly accompanied every interview [by Juan Diaz] and that the jury therefore cannot compare [Mr.] Diaz's current recollection with his recorded account." Def.'s Opp'n at 8. But that argument misses the point: that line of questioning leaves the jury with the false impression that it cannot make such a comparison because of impropriety on account of Mr. Diaz—*e.g.*, he lost, misplaced, or even intentionally destroyed his notes. That is not the case. Accordingly, such questioning would create "the necessity of removing prejudice in the interest of fairness" and allow the Government to elicit *why* Mr. Diaz no longer has access to his notes. *United States v. Winston*, 447 F.2d 1236, 1240 (D.C. Cir. 1971).

Second, Defendant Rivera-Luna fails to offer even a single case to support his position. Similarly, Defendant Rivera-Luna offers only a conclusory remark that the Government's case law—*Winston*, *Crawford*, *Sitzmann*, *Street*, *McCray*, and *Bass* (*see* Govt's Mot. at 4–5)—are "inapposite" because they "involved different uses of evidence." Def.'s Opp'n at 10. He contends that his purported line of questioning "has not proposed introducing a false account," *id.* at 11, but questioning Mr. Diaz to suggest that he lost, misplaced, or even intentionally destroyed his notes *is* a misleading account. Allowing the jury to make that improper inference, without a meaningful opportunity to correct it, hamstrings the Government's ability to present its case. *Winston*, 447 F.2d at 1240 ("The rule operates to prevent an accused from successfully gaining exclusion of inadmissible prosecution evidence and then extracting selected pieces of this evidence for his own advantage, without the Government's being able to place them in their proper context."). And Rule 403 does not bar a party from rehabilitating its witness, especially where the probative value of the evidence or testimony is substantially outweighed by a danger of "unfair prejudice" or "misleading the jury" into thinking that Mr. Diaz lost, misplaced, or intentionally his notes. *See*

*United States v. Sitzmann*, 856 F. Supp. 2d 55, 62 (D.D.C. 2012) ("[A]lthough a court may make an initial determination that the probative value of . . . evidence [on direct examination] is substantially outweighed by its prejudicial effect, once defense counsel open[s] the door the evidence's probative value may be enhanced such that it outweigh[s] its prejudicial effect.").

Finally, Defendant Rivera-Luna's proposed limitations (Def.'s Opp'n at 14–15) are insufficient to cure the unfair prejudice that would result from such a cross examination. Defendant Rivera-Luna submits that the Government's redirect "should be limited to whether [Mr.] Diaz intentionally destroyed or concealed the materials, whether he brought his agency files when he relocated, and where any surviving reports would remain." *Id.* But that proposal prevents the Government from eliciting *why* Mr. Diaz failed to bring his agency files when he relocated and *why* he is not able to coordinate with his former agency to access and retrieve such files—in other words, it prevents the Government from rehabilitating Mr. Diaz after the suggestion of impropriety. The Government agrees to make it clear to the jury that Mr. Diaz's fleeing of the country was not directly tied to any threat made by Defendant Rivera-Luna, but the Government should be permitted to elicit the circumstances under which Mr. Diaz felt compelled to flee the country and failed to retrieve his notes, even if sanitized.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court should grant the Government's motion and preclude Defendants from cross-examining or presenting to the jury evidence about Juan Diaz's absent notes.

Respectively submitted,

Jeanine Ferris Pirro
United States Attorney

/s/ Mark Levy

Mark Levy
Assistant United States Attorney
DC Bar No. 241668
601 D Street, N.W.
Washington, D.C. 20530