**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES,**

**v.**

**MOISES HUMBERTO RIVERA-LUNA,**

*Defendant.*

**Case No. 1:10-cr-256-RCL**

# ORDER

Upon consideration of the Government's Motion in Limine to Preclude Cross-Examining or Presenting Evidence About Juan Diaz's Absent Notes, ECF No. 851, Defendant Rivera-Luna's opposition, ECF No. 856, the Government's reply, ECF No. 860, and the exhibits thereto, it is hereby

**ORDERED** that the Government's motion, ECF No. 851, is **DENIED**.

The Government's motion seeks to preclude Defendants Rivera-Luna and Rodas-Ramirez from cross examining or presenting evidence about the government witness (Juan Diaz)'s absence of notes from his time in El Salvador. The Government contends that during Defendant's April 2026 trial in this case, counsel for Defendant Rivera-Luna made an attempt to undermine Juan Diaz's credibility as a witness by impliedly insinuating that he had destroyed or lost his notes, and that the Government was unable to rehabilitate Mr. Diaz by presenting the reason why he suddenly left El Salvador without any such notes. In their motions briefs, both sides refer to the specific language used during examinations from the April 2026 trial and accordingly hypothesize about what may happen in this trial if the Government seeks to

introduce the subject of notes, if Defense counsel takes up the subject on cross-examination, and if the Government then attempts to rehabilitate their witness.

When considering a pretrial motion in limine, a court must "assess whether a ruling is appropriate in advance of trial or, instead, should be deferred until trial '[when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole.'" Corrigan v. Glover, 254 F.Supp.3d 184, 192 (D.D.C. 2017) (quoting *Herbert v. Architect of the Capitol*, 920 F.Supp.2d 33, 38 (D.D.C. 2013) (alteration in original)).

In light of the multitude of possibilities concerning the testimony that may be given and the questions that may be posed in this trial, and particularly considering that the contentious subject of notes did not arise at all in the first trial, it is improvident for the Court to rule on this matter at this time. This decision is better made at trial, when it can be informed by the actual testimony given and the actual questions at issue rather than speculation.

**SO ORDERED.**

Date: 9-11-26

Royce C. Lamberth
Royce C. Lamberth
United States District Judge